IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **ANTHONY MEYERS,** | ) | CASE NO. 7:20CV00312 |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| **DOCTOR KUTCHINS,** | ) | By:  Glen E. Conrad |
| | ) | Senior United States District Judge |
| **Defendant.** | ) | |

Plaintiff Anthony Meyers, a Virginia inmate proceeding pro se, filed a pleading that the court has construed and docketed as a civil rights action pursuant to 42 U.S.C. § 1983, alleging that the defendant prison doctor made disturbing comments about his medical complaints.  Upon review of the record, the court concludes that the action must be summarily dismissed as factually frivolous.

At the time Meyers filed this case, he was confined at a jail facility operated by the Southwest Virginia Regional Jail Authority ("Authority").  Meyers' allegations against the defendant physician are brief:  "I have a prostate issue that has caused me to catch cancer.  On Nov 4th 2019 I told Dr. Kutchins I had cancer and needed to be tested for cancer.  Dr. Kutchins reply was 'your going to just have to die.'"  Compl. 1, ECF No. 1.  Meyers does not state what form of relief he seeks in this § 1983 action.

Section 1983 permits a party to file a civil action against a person for actions taken under color of state law that violated the party's constitutional rights.  Cooper v. Sheehan, 735 F.3d 153, 158 (4th Cir. 2013).  Mere words alone, including inappropriate, threatening, or disrespectful verbal comments by prison personnel, without more, do not state any constitutional claim.  Henslee v. Lewis, 153 Fed. App'x 178, 180 (4th Cir. 2005) (citing Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979)).

Meyers' allegations describe verbal comments by Dr. Kutchins and nothing more. While such insensitive remarks about Meyers' medical concerns are no doubt frustrating and even offensive to Meyers, mere verbal remarks by the doctor did not violate Meyers' constitutionally protected rights. Meyers does not allege that the doctor failed to evaluate his medical condition, or that he otherwise deliberately ignored or denied treatment for any serious medical need.[*] See Jackson v. Lightsey, 775 F.3d 170, 178 (4th Cir. 2014). An inmate's mere disagreement with "questions of medical judgment" as to the appropriate course of treatment will not support a finding of deliberate indifference. Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975).

Under 42 U.S.C. § 1997e(c)(1), the court may dismiss any § 1983 action "with respect to prison conditions . . . if the court is satisfied that the action is frivolous, malicious, [or] fails to state a claim upon which relief can be granted." A claim may be dismissed as frivolous if it is "based on an indisputably meritless legal theory." Neitzke v. Williams, 490 U.S. 319, 327 (1989) (applying earlier version of 28 U.S.C. § 1915(d) regarding dismissal of claim as frivolous). For the stated reasons, the court concludes that Meyers' allegations about mere verbal comments fall squarely within this category and must be summarily dismissed, pursuant to § 1915A(b)(1), as frivolous. An appropriate order will issue herewith.

**ENTER**: This __6th__ day of November, 2020.

                                                       *(signature)*
                                                       Senior United States District Judge

---

[*] I note that in a prior case Meyers filed about his fears of cancer related to his prostate, a doctor provided the following information about Meyers' medical care:

> During his incarceration with the Authority, Meyers has continuously complained of symptoms of prostate disease. We have referred Meyers to a urologist and he has received proper diagnostic work up and treatment but continues to complain of persistent prostate problems despite normal exams. Meyers now complains that he has developed cancer from the prostate which has spread to many parts of his body. [His] complaints with respect to cancer are without medical consultation, diagnosis, or confirmation. . . . Meyers has undergone multiple diagnostic evaluations while he has been a patient at the Authority with no indication of serious underlying pathology.

Meyers v. Haysi Regional, No. 7:19CV00694 (W.D. Va.), Hurlburt Aff. ¶¶ 4-7, 11, ECF No. 27.